**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: April 24 2015

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 07-34888 |
| | ) | |
| Warren Gibbs, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | JUDGE JOHN P. GUSTAFSON |

### Memorandum of Decision

This case was closed without discharge on March 14, 2008, because Debtor did not file his Official Form 23, Debtor's Certification of Completion of Instructional Course Concerning Personal Financial Management. The court held a hearing on February 27, 2015, on Debtor's "Motion to Re-Open the Case to File Form 23" ("Motion to reopen") [Doc. # 18] and Debtor's "Motion to Waive Cost to Re-Open the Case to File Form 23, Certificate of Debtor's Education" ("Motion to waive the fee") [Doc. # 19]. Debtor and Debtor's Counsel appeared in person at the hearing.

Debtor wants to reopen his case to file the missing Form 23 and to obtain a Chapter 7 discharge thereafter. He also wishes to have the court issue an order waiving the filing fee to reopen the case, as he is now a senior citizen on a fixed income of $1,164.00 per month. Debtor asserts equitable grounds as the basis for the motions, in that the failure to file the Form 23 occurred during a time period when he was dealing with a family emergency. At the hearing on the Motion to waive the fee, Debtor's Counsel agreed to submit an affidavit within seven (7) days, in an effort to better inform the court of the personal circumstances behind Debtor's failure to timely file his

Form 23, including a clearer time line of events.

At the hearing, Debtor testified[1] that he had an "incident while in South Carolina." Three of Debtors' brothers "were in a terrible accident," resulting in injuries to all three, including one brother who was in critical condition for an undisclosed amount of time. When Debtor returned to Toledo, his paychecks were being garnished.[2] He was financially-strapped, looking for a job, and he didn't have the money to pay his attorney to reopen the case.

When questioned by his attorney, Debtor agreed that he had forgotten to take the postpetition financial management course before traveling to South Carolina because of the accident. He stated that he was in South Carolina for approximately thirty (30) days, and upon his return, he couldn't afford his attorney fee to reopen the case. He testified that the date of the accident was "sometime during the summer" of 2007. The court informed Debtor that a specific time frame for the accident in South Carolina would be needed, in order to determine when the accident occurred in connection with the deadline for filing the Form 23. Debtor agreed to prepare an affidavit which would help the court to understand the time line of events.

The docket reflects that the Debtor's Chapter 7 case was filed on November 8, 2007.

Debtor filed his Affidavit on March 6, 2015. [Doc. # 29]. In the Affidavit, Debtor states that he attended a 341 Meeting of the Creditors on or about January 9, 2008. He was "charged to attend a second class on debtor's education after the 341 meeting of creditors and filing the Form 23 with the court prior to March 14, 2008." Debtor further states that he failed to take the second class or file the Form 23 within the proper time, because he had recently returned from South Carolina "where his three brothers had been in a terrible accident." The court notes that the affidavit does not include a date (or an approximation) of when the accident occurred, which the court specifically requested the affidavit include. [*Id.*]. The only evidence regarding the time of the accident is that it was "during the summer" of 2007.

The Affidavit also states that upon his return to the area, Debtor was looking for a job to support his son and himself, and he was attempting to obtain custody of his son from his ex-girlfriend/his son's mother. Due to employment and custody issues arising soon after his return

---

[1]/ This decision is not based on the court having any issue with Mr. Gibbs' credibility. I believe he was, at all times, testifying as to events as he remembered them. The issue here is with sequencing traumatic events that he vividly remembers, with a much more mundane "window" of time, approximately 7 year ago, for the filing of a debtor education certificate.

[2]/ At the Hearing, the explanation of the circumstance under which this happened was not clear.

2

from South Carolina, Debtor did not get the class taken in time. [*Id.*]. When he realized that the time had expired, Debtor stated that his prior bankruptcy attorney informed him that it would cost Debtor $700 to correct the mistake. Due to the aforementioned issues, Debtor states that he could not afford the cost.

Debtor's affidavit does not provide any additional information regarding the date of the accident involving Debtor's three brothers. The only evidence before the court regarding a specific time frame is Debtor's testimony at the hearing on the Motion to waive the fee, where he testified that the accident occurred "sometime during the summer" of 2007. This was well before Debtor filed his petition on November 8, 2007. [Doc. # 1]. Pursuant to §727(a)(11), the case was closed without a discharge on March 14, 2008 [Doc. #16], meaning that the Chapter 7 case was never pending during the summer months. Thus, the Debtor's failure to file the Form 23 before the deadline does not appear to be during the same time period he was outside the jurisdiction of the court dealing with the South Carolina emergency.

Accordingly, for the reasons discussed below, the Debtor has failed to meet his evidentiary burden in seeking a waiver of the fee to re-open his Chapter 7 case.

Bankruptcy filing fees are governed by 28 U.S.C. §1930. "The fee for reopening a case is part of the Bankruptcy Court Miscellaneous Fee Schedule adopted by the Judicial Conference under the authority of 28 U.S.C. §1930(b)." *In re Brady*, 2012 WL 3870441 at *1, 2012 Bankr. LEXIS 4146 at *2 (Bankr. N.D. Ohio Aug. 16, 2010). The Miscellaneous Fee Schedule states: "The reopening fee must be charged when a case has been closed without a discharge being entered." *Id.*; Bankruptcy Court Miscellaneous Fee Schedule at ¶11 (December 1, 2014).

The Miscellaneous Fee Schedule lists four exceptions to the payment of a filing fee when a case is reopened:

The reopening fee must not be charged in the following situations:

- to permit a party to file a complaint to obtain a determination under Rule 4007(b); or

- when a debtor files a motion to reopen a case based upon an alleged violation of the terms of the discharge under 11 U.S.C. § 524; or

- when the reopening is to correct an administrative error; or

- to redact a record already filed in a case, pursuant to Fed. R. Bankr. P. 9037, if redaction is the only reason for reopening.

3

Bankruptcy Court Miscellaneous Fee Schedule at ¶11 (December 1, 2014).

None of the exceptions to the application of the reopening fee apply in this case.

There is also a statutory basis for the waiver of filing fees under 28 U.S.C. §1930(f)(1) and (2). The first provision, §1930(f)(1), provides for a waiver of filing fees for debtors who qualify to proceed "*in forma pauperis*". However, a reopening fee is not a fee "payable to the clerk upon the commencement of a case under chapter 7". *See*, 28 U.S.C. §1930(f)(1).

Section 1930(f)(2) states: "The district court or the bankruptcy court may waive *for such debtors* other fees prescribed under subsections (b) and (c)." 28 U.S.C. § 1930(f)(2) (emphasis added). Here, the filing fee for Debtor's Chapter 7 case was not waived.

> The use here of the term "such debtors" necessarily refers to those debtors identified in subsection (f)(1), *i.e.*, those chapter 7 individual debtors who have been granted a filing fee waiver under subsection (f)(1). Thus, the grant of subsection (f)(2), and the ability thereunder to seek waiver of "other fees" prescribed under subsection (b) and (c), is limited to the chapter 7 debtor who receives a § 1930(f)(1) filing fee waiver. It is therefore also irrelevant to the present Motion.

*Allen v. Stewart (In re Allen)*, 2009 WL 1187957 at *2, 2009 Bankr. LEXIS 2122 at *8 (Bankr. D. Idaho April 28, 2009).

The court's discretion to waive the fee comes from the Bankruptcy Court's Miscellaneous Fee Schedule which states: "The court may waive this [reopening] fee under appropriate circumstances. . .". Bankruptcy Court Miscellaneous Fee Schedule at ¶11 (December 1, 2014); Bankruptcy Fee Compendium III, Part J.1. at p. 73 (June 1, 2014 ed.).[3]

Where a debtor seeks to reopen after failing to file the Form 23 certification of completion of a course in personal financial management required by Rule 1007(b)(7)(A), courts have looked at the underlying reasons for the failure in deciding whether or not to waive the fee.

> [A] debtor must provide specific facts to explain why he did not file his certification within the time allotted. Perhaps a debtor was prevented, for some medical or other personal reason, from attending a course within the time prescribed. Perhaps the difficulty was in getting the agency to timely provide the certificate. And, whatever the reason, the debtor must also explain why the problem was not brought to the Court's attention in a seasonable and timely way, i.e., by filing some pleading prior to the expiration of the Rule 1007(c) period. Other factors and circumstances may also be important, such as whether the debtor was represented by counsel, or whether there is a reason to believe the notices issued by the Court were not received.

---

[3]/ The full December 1, 2014 version of the Compendium is apparently completed, but not released.

4

> In other words, a waiver of the reopening fee need not be routinely or automatically granted. It is, at bottom, a matter for the assigned Judge who must, in the exercise of discretion, decide if "appropriate circumstances" have been shown. The burden is on the debtor.

*In re Knight*, 349 B.R. 681, 687 (Bankr. D. Idaho 2006); *see also*, *In re Miskimon*, 2006 Bankr. LEXIS 4593 at *7-9, 2006 WL 3194075 at *1-2 (Bkrtcy. D. Md. Oct. 24, 2006)(citing *Knight* in denying the waiver of the reopening fee); *In re Deterville*, 2012 WL 1509148, 2012 Bankr. LEXIS 2008 (Bankr. M.D. Fla. April 30, 2012)(finding waiver appropriate where a debtor's failure to complete the financial management course was due to being called to active military service); Bankruptcy Fee Compendium III at p. 12 (June 1, 2014 ed.)("The Judicial Conference has provided exceptions to the fee, and the court may either waive or defer the reopening fee for good cause.").

Here, Debtor was represented by counsel, and there is no reason to believe that notices were not received. While the Debtor described the difficulties he was facing after he filed his Chapter 7 case - looking for employment and seeking child custody - those are not the kind of circumstances, like a call to military service prior to the discharge date, which would warrant the waiver of the reopening fee.

The $260 filing fee for the motion to reopen has yet to be collected by the Clerk. The statutory authority for the fee is 28 U.S.C. §1930(b), as implemented by the Miscellaneous Fee Schedule. As of January 2015, the total amount of the fees due upon filing a motion to reopen a Chapter 7 case was $260 ($245 filing fee plus $15 Trustee surcharge). Compendium, Ex. 2, ¶¶ 9,11. That is the amount that was imposed through the ECF system and is yet to be paid by Debtor.

In summary, while Debtor presents a basis for reopening this case under 11 U.S.C. § 350, there has not been a sufficient basis shown for a waiver of the reopening fee. Accordingly, the "Motion to Waive Cost to Re-Open the Case to File Form 23, Certificate of Debtor's Education" [Doc. #19] will be Denied by a separate Order.

###